[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de PLAINTIFF'S MOTION TO CORRECT JUDGMENT FILE (#288) AND PLAINTIFF'S MOTION FOR INTEREST PURSUANT TO SECTION 52-192a (#273)
The verdict (Document #244) rendered by the jury, and subscribed by the foreperson, dealt with all the claims of both parties. Jury interrogatories were also submitted to and answered by the jury, (Document #243).
On May 15, 1989, the court denied various motions filed by the parties seeking to set aside, add to or reduce the damage awards. The judgment file was prepared by counsel for the plaintiff, in form approved by counsel for the defendant, as submitted via cover letter from Attorney Jan Marcus to John Wasco, Esquire of the clerk's office, as on file. At oral argument both counsel acknowledged that they each had agreed to the form of the judgment files presented to the clerk. The attorneys, at the clerk's request, proceeded as authorized by Practice Book Section 337. The form of the judgment was never brought to the attention of the judge who had presided at the trial.
The trial court's memorandum dated (Document #260) decided that Section 52-192a did not apply to this case as stated in the opinion. For those reasons, the trial court did not examine the record to determine what, if anything, the plaintiff recovered. CT Page 2672 The trial court judge was not aware of two judgment files having been prepared in this case until the Appellate Court decision was published.
The appellate decision, Paine, Webber, Jackson and Curtis, Inc. v. Geoffrey J. Winters, 22 Conn. App. 640, at p. 643 stated:
 . . . The court rendered separate judgments on the verdicts in May, 1989, and denied the plaintiff's motions to set aside the defendant's verdict and for interest on the breach of contract award which recovery exceeded its offer of judgment. This appeal ensued.
The judgment files were before the Appellate Court. The decision then concluded, at p. 656:
 "Accordingly, we hold that the trial court should have granted the plaintiff's motion for interest.
 The judgment is reversed in part, the order denying interest under Section 52-192a is set aside, and the case is remanded with direction to award interest in accordance with this opinion."
Therefore, the plaintiff's motion for interest (#273) is granted, as directed by the aforesaid mandate of the Appellate Court. The defendant's objection thereto (#274) is overruled.
Next, the court addresses the plaintiff's motion to correct judgment file (#283), which was filed in response to a memorandum of decision denying plaintiff's motions for setoff (#286), dated October 15, 1990, (Thim, J.) The court denies the plaintiff's motion to correct the judgment, since the Appellate Court had both judgments before it at the time the appeal was argued. No error was found in the record regarding the "separate judgments" rendered. Simply, that is now the law of this case and the plaintiff's motion is untimely. Any correction of judgment should have been addressed by counsel when preparing the judgment.
HARRIGAN, J.